IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR-08-122-GF-BMM-RKS |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKED DEFENDANTS SUPERVISED RELEASE** |
| vs. | |
| AUSTIN BROOKS HEALY, | |
| Defendant. | |

### I. Synopsis

Mr. Healy was accused of violating his conditions of supervised release by consuming alcohol and possessing a knife. He admitted the violations. Mr. Healy' supervised release should be revoked. He should be placed in custody for 12 months and one day, with 24 months supervised release to follow.

### II. Status

Mr. Healy plead guilty in 2008 to Felon in Possession of a Firearm. Doc. 22. The offense involved Mr. Healy threatening to shoot some acquaintances, and actually shooting two pet dogs, while intoxicated. Doc. 19. He was sentenced to

1

71 months incarceration, with three years supervised release to follow. Doc. 30. He began the supervised release period on January 4, 2014. Doc. 32.

**Petition**

The United States Probation Office filed a petition on May 15, 2014, asking the court to revoke Mr. Healy's supervised release. The petition accused Mr. Healy of consuming alcohol on or about May 3, 2014, in violation of Special Condition 3 of his supervised release. According to the petition, an elderly woman called policy that day to report that Mr. Healy, while heavily intoxicated, was destroying possessions in her home. He was arrested by a tribal officer. The petition also accused of Mr. Healy of violating the Preamble to Standard Conditions of supervised release by possessing a dangerous weapon on May 3, 2014. According to the petition, Mr. Healy had a knife concealed in a sheath on his leg when he was arrested that day. Doc. 32. Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Healy's arrest. Doc. 33.

**Initial appearance**

Mr. Healy appeared before the undersigned on May 20, 2014, in Great Falls, Montana. Mr. Healy was accompanied at the initial appearance by Federal Defender Evangelo Arvanetes. Assistant United States Attorney Jessica Betley

represented the United States.

Mr. Healy said he had read the petition and understood the allegations. Ms. Betley warned that he could be incarcerated for up to 24 months if his supervised release is revoked. The undersigned explained Mr. Healy's rights, including the right to a revocation hearing before United States District Judge Brian Morris, who is presiding over the case.

Mr. Arvanetes said Mr. Healy would waive the preliminary hearing and was prepared to proceed with the revocation hearing before the undersigned. Mr. Healy and Ms. Betley both consented to the jurisdiction of a magistrate judge. The hearing commenced.

**Revocation hearing**

Mr. Healy appeared at the revocation hearing with Mr. Arvanetes. Ms. Betley appeared for the United States.

Mr. Healy admitted consuming alcohol and possessing a knife in violation of conditions of his supervised release, as alleged in the petition. The undersigned found the admission sufficient to establish violations, and believes the violations warrant revocation of Mr. Healy's supervised release.

Mr. Healy's violation is Grade C, his criminal history category is IV, and his underlying offense is a Class C felony. He could be incarcerated for up to 24

months. He could be ordered to remain on supervised release for up to 36 months, less any custodial time imposed. The United States Sentencing Guidelines call for six to 12 months in custody. U.S. Guideline Manual, Ch. 7. Ms. Betley and Mr. Arvanetes agreed with those calculations.

Mr. Arvanetes requested a sanction of incarceration in the middle of the guideline range. Mr. Arvanates said Mr. Healy completed substance abuse treatment and was initially successful while on supervised release. However, Mr. Healy "fell off the wagon" and consumed alcohol. While Mr. Arvanetes acknowledged that the violations are serious, he noted that they consisted of a single bad day after four months of compliance.

The undersigned proposed a custodial sanction of 12 months and one day, which would allow Mr. Healy to earn "good time credit" and potentially be released after about 10 months. Mr. Arvanetes agreed with the proposal. Mr. Healy addressed the court, and said he believed a custodial period of 12 months and 1 day would be fair.

Ms. Betley argued for a longer custodial period. She noted that Mr. Healy's violations consisted of destructive conduct under the influence of alcohol, which is a troubling echo of Mr. Healy's underlying offense. Ms. Betley argued that Mr. Healy's lengthy criminal record further justifies additional incarceration. Ms.

Betley requested that Mr. Healy be ordered to remain on supervised release after his incarceration.

### III.  Analysis

Mr. Healy's supervised release should be revoked because he admitted to serious violations of the conditions.  He should be incarcerated for 12 months and one day, with 24 months supervised release to follow.

Mr. Healy's extensive criminal record warrants a custodial sanction at the high end of the guideline range.  In addition to numerous other convictions, Mr. Healy's underlying offense in this case and the release violations involve actual or threatened violence while heavily intoxicated.  Mr. Healy's history shows him to be a dangerous, destructive person when he does not obey the conditions of his release.  A significant sanction will encourage him to comply with those conditions in the future.

The maximum period of supervised release should be imposed. Supervised release will discourage Mr. Healy from abusing alcohol and will offer the community some protection from future outbursts.  The conditions previously imposed should be continued.

### IV.  Conclusion

Mr. Healy was advised that the above sentence would be recommended to

Judge Morris. He was reminded of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Healy' objection, if it is filed within the alloted time, before making a final determination on whether to revoke Mr. Healy's supervised release and what, if any, sanction to impose.

The court **FINDS:**

1. Mr. Healy violated Special Condition 3 of his supervised release by consuming alcohol on or about May 3, 2014.

2. Mr. Healy violated the Preamble to Standard Conditions of his supervised release by possessing a knife on or about May 3, 2014.

The court **RECOMMENDS:**

1. The District Court should enter the attached Judgment, revoking Mr. Healy's supervised release and committing Mr. Healy to the custody of the United States Bureau of Prisons for 12 months and one day, with 24 months supervised release to follow. The District Court should impose the same supervised release conditions previously imposed, which are fully set forth in the attached Judgment.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 21st day of May, 2014.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge