IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 08-122-GF-BMM-01 |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKED DEFENDANTS SUPERVISED RELEASE** |
| vs. | |
| AUSTIN BROOKS HEALY, | |
| Defendant. | |

### I. Synopsis

Mr. Healy was accused of violating his conditions of supervised release by using alcohol and committing a new crime. He admitted that he used alcohol and that he was arrested for Abuse of a Family Member, but he denied the factual allegations regarding his arrest. Mr. Healy' supervised release should be revoked. He should be placed in custody for eight months, with 12 months supervised release to follow.

### II. Status

Mr. Healy pleaded guilty in 2008 to Felon in Possession of a Firearm. (Doc.

1

22.) The offense involved Mr. Healy threatening to shoot several acquaintances and actually shooting two pet dogs, while intoxicated. (Doc. 19.) He was sentenced to 71 months incarceration, with three years of supervised release to follow. (Doc. 30.) He began his first term of supervised release on January 4, 2014. (Doc. 32.)

Mr. Healy's supervised release was revoked on June 11, 2014, because he violated its conditions by consuming alcohol and possessing a weapon. He was sentenced to 12 months and one day of custody and 24 months of supervised release. (Doc. 40.) His second term of supervised release began on March 25, 2015. (Doc. 42.)

**Petition**

On February 2, 2016, the United States Probation Office filed a petition asking the Court to revoke Mr. Healy's supervised release. The petition accused Mr. Healy of consuming alcohol on August 13, 2015, and January 30, 2016, in violation of Special Condition 3 of his supervised release. The petition alleged Mr. Healy violated the Preamble to Standard Conditions of supervised release by committing a new crime on January 30, 2016. (Doc. 42.) Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Healy's arrest. (Doc. 43.)

**Initial appearance**

Mr. Healy appeared before the undersigned on February 11, 2016, in Great Falls, Montana. Mr. Healy was accompanied at the initial appearance by Federal Defender Evangelo Arvanetes. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Healy said he read the petition and understood the allegations. Mr. Weldon warned that Mr. Healy could be incarcerated for up to 24 months if his supervised release is revoked. The undersigned explained Mr. Healy's rights, including the right to a revocation hearing before United States District Judge Brian Morris, who is presiding over the case.

Mr. Arvanetes said Mr. Healy would waive the preliminary hearing and was prepared to proceed with the revocation hearing before the undersigned. Mr. Healy and Mr. Weldon both consented to the jurisdiction of a magistrate judge. The hearing commenced.

**Revocation hearing**

Mr. Healy appeared at the revocation hearing with Mr. Arvanetes. Mr. Weldon appeared for the United States.

Mr. Healy admitted that he consumed alcohol and was arrested in violation of conditions of his supervised release, as alleged in the petition. He denied the

factual allegations regarding his arrest.  The undersigned found the admission sufficient to establish violations and believes the violations warrant revocation of Mr. Healy's supervised release.

Mr. Healy's violation is Grade C, his criminal history category is IV, and his underlying offense is a Class C felony.  He could be incarcerated for up to 24 months.  He could be ordered to remain on supervised release for up to 24 months, less any custodial time imposed.  The United States Sentencing Guidelines call for six to 12 months in custody.  U.S. Guideline Manual, Ch. 7.  Mr. Weldon and Mr. Arvanetes agreed with those calculations.

Mr. Arvanetes requested a sanction of six to nine months of incarceration with no term of supervision to follow or of fewer than six months of incarceration with 12 months of supervision to follow.  Mr. Arvanetes said Mr. Healy's violations all stem for his use of alcohol.  Mr. Healy addressed the Court and said he does not want to remain on supervised release.

Ms. Weldon argued for a longer custodial period.  He noted that Mr. Healy's violations consisted of destructive conduct under the influence of alcohol, which is a troubling given Mr. Healy's underlying offense.  Mr. Weldon said the government is most concerned about the alleged strangulation.  Because Mr. Healy did not admit to the strangulation, Mr. Weldon requested that Mr. Healy be

4

sentenced to 24 months of incarceration with no supervision to follow or to a guideline custodial sentence with continued supervision.  Mr. Weldon offered to present evidence to prove the strangulation allegation.

### III.  Analysis

Mr. Healy's supervised release should be revoked because he admitted to serious violations of the conditions.  He should be incarcerated for eight months, with 12 months of supervised release to follow.  This sanction will be sufficient given the seriousness of the violations but will not be greater than necessary.

Mr. Healy's history shows him to be a dangerous, destructive person when he does not obey the conditions of his release and uses alcohol.  A significant sanction will encourage him to comply with those conditions in the future.  Continued supervision is appropriate.  Supervised release will discourage Mr. Healy from abusing alcohol and will offer the community some protection from future outbursts.  The conditions read in open court during the revocation hearing should be imposed.

### IV.  Conclusion

Mr. Healy was advised that the above sentence would be recommended to Judge Morris.  He was reminded of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained

that Judge Morris would consider Mr. Healy' objection, if it is filed within the alloted time, before making a final determination on whether to revoke Mr. Healy's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

1. Mr. Healy violated Special Condition 3 of his supervised release by consuming alcohol on or about August 13, 2015.

2. Mr. Healy violated Special Condition 3 of his supervised release by consuming alcohol on or about January 30, 2016.

3. Mr. Healy violated the Preamble to Standard Conditions of his supervised release by committing a new crime on or about January 30, 2016.

The undersigned **RECOMMENDS:**

The District Court should enter the attached Judgment, revoking Mr. Healy's supervised release and committing Mr. Healy to the custody of the United States Bureau of Prisons for eight months, with 12 months supervised release to follow. The District Court should impose the supervised release conditions read in open court at the revocation hearing, which are fully set forth in the attached Judgment.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 16th day of February, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge